UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMY BURDEN,

    Plaintiff,

  v.                                            Case Number: 17-cv-13448
                                                 Honorable Linda V. Parker

G. TORREY, *et. al.*,

    Defendants,
_____/

**OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND DISMISSING COMPLAINT**

This matter is before the Court on Plaintiff's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate confined at the Lakeland Correctional Facility in Coldwater, Michigan. Upon review of Plaintiff's case and his litigation history in the federal courts, this Court concludes that his case must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 . . . ." *See also Owens v. Keeling*, 461 F.3d 763, 773 (6th Cir. 2006).

1

Plaintiff failed to submit the requisite filing fees when he filed his complaint: the $350.00 filing fee and the $ 50.00 administrative fee.

"[I]f a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). *See also In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997). However, 28 U.S.C. § 1915(b) provides prisoners the opportunity to make an initial partial payment and pay the remainder in monthly installments. This Court will construe Plaintiff's complaint as a request to proceed *in forma pauperis* because of his failure to submit his filing fees with his complaint. *See Szymanski v. U.S. Marshal*, No. 14-cv-10305, 2014 WL 1308821, at *1 (E.D. Mich. Mar. 28, 2014).

A review of federal court records indicates the Plaintiff has at least nine prior civil rights complaints that have been dismissed for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Burden v. Maki*, No. 2:93-cv-306 (W.D. Mich. Mar. 30, 1994), *appeal dismissed* No. 94-1359 (6th Cir. May 6, 1994); *Burden v. Torreano*, No. 2:94-cv-28 (W.D. Mich. Mar. 30, 1994), *appeal dismissed* No. 94-1381 (6th Cir. June 27, 1994); *Burden v. Mich. State Police*, *et. al.*, 94-cv-71286 (E.D. Mich. May 18, 1994); *Burden v. Quinnell*, *et. al.*, 94-cv-10087 (E.D. Mich. June 3, 1994), *appeal dismissed* No. 94-2145 (6th Cir. May 16, 1995); *Burden v. Greeley*, No. 2:94-cv-

2

156 (W.D. Mich. June 24, 1994), *appeal dismissed* No. 94-1813 (6th Cir. Aug. 12, 1994); *Burden v. Torreano*, *et. al.*, No. 2:94-cv-133 (W.D. Mich. July 13, 1994); *appeal dismissed* No. 94-1837 (6th Cir. Dec. 14, 1994); *Burden v. Hawley*, *et. al.*, No. 2:94-cv-120 (W.D. Mich. Sept. 16, 1994), *appeal dismissed* No. 94-2114 (6th Cir. May 16, 1995); *Burden v. Ludwick*, *et. al.*, 96-cv-71845 (E.D. Mich. May 30, 1996); *appeal dismissed* No. 96-1920 (6th Cir. Sep. 16, 1996); *Burden v. Kedzierzawski*, No. 2:95-cv-362 (W.D. Mich. October 15, 1996), *appeal dismissed* No. 96-1148 (6th Cir. Mar. 11, 1996).

In addition, Plaintiff has been denied leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g), the "three-strikes" rule, because of these dismissals. *See Burden v. Cason*, *et. al.*, No. 1:03-cv-655 (WD. Mich. Nov. 19, 2003), *appeal dismissed* No. 04-1152 (6th Cir. Mar. 19, 2004).

Under the Prison Litigation Reform Act of 1995 ("PLRA"), a federal court may dismiss a case if, on 3 or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(g); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller*, 966 F. Supp. 538, 540 (E.D. Mich. 1997). The three strikes provision of the PLRA prohibits a prisoner from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See*

28 U.S.C. § 1915(g); *Clemons v. Young*, 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003). A federal district court may raise the three strikes provision of the PLRA *sua sponte*. *Witzke*, 966 F. Supp. at 539. The federal courts in general, and this Court in particular, can take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g). *See Taylor v. United States*, 161 F. App'x 483, 485-86 (6th Cir. 2005).

Plaintiff has had at least nine prior civil rights complaints that were dismissed for being frivolous, malicious, or failing to state a claim upon which relief could be granted. The fact that most, if not all, of Plaintiff's cases were dismissed prior to the enactment of the PLRA does not mean they cannot be used to deny Plaintiff permission to proceed without prepayment of fees or costs. The three strikes provision contained in § 1915(g) applies to complaints filed prior to April 26, 1996, the enactment date of the PLRA. *See Wilson v. Yaklich,* 148 F.3d 596, 603-04 (6th Cir. 1998) ("dismissals of prior actions entered prior to the effective date of the PLRA may be counted towards the 'three strikes' referred to in 28 U.S.C. § 1915(g).")

Plaintiff has not alleged any facts that would establish that he is in imminent danger of serious physical injury to come within the § 1915(g) exception. *Mulazim v. Mich. Dept. of Corr.*, 28 F. App'x 470, 472 (6th Cir. 2002). Although Plaintiff alleges that Defendant G. Torrey, the food service director, hit him with a dining

4

tray while the two men were in the kitchen mop room, this would be insufficient to invoke the imminent danger exception to the three strikes rule.

In order to come within the "imminent danger" exception contained in 28 U.S.C. § 1915(g), a prisoner must show that "the threat or prison condition 'must be real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008); *see also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011). Assertions of past danger will not satisfy the imminent danger exception. *See Pointer v. Wilkinson*, 502 F.3d 369, 371, n.1 (6th Cir. 2007); *Rittner*, 290 F. App'x at 797. Plaintiff's allegations fail to show that there is any imminent danger that is contemporaneous with the filing of this complaint.

Plaintiff's civil rights complaint is therefore subject to dismissal pursuant to § 1915(g). Plaintiff may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *See Witzke*, 966 F. Supp. at 540.

Because Plaintiff has had nine prior cases dismissed for being frivolous, malicious, or failing to state a claim, § 1915(g) bars him from appealing *in forma pauperis*. *See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-06 (W.D. Tenn. 1999). The Court therefore refuses to certify that any appeal from this dismissal would be in good faith.

**IT IS HEREBY ORDERED** that Plaintiff's *in forma pauperis* status is **DENIED**, and the complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Certificate of Appealability is denied because any appeal taken by the Plaintiff would not be done in good faith.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: November 28, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 28, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager